# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| AIDA M. HENDERSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:23-cv-00376-JMB |
| | ) |
| LYFT, INC., et al., | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on the motion of plaintiff Aida M. Henderson for leave to commence this civil action without prepayment of the required filing fee. (Docket No. 2). Having reviewed the motion, the Court finds that it should be granted. *See* 28 U.S.C. § 1915(a)(1). Additionally, for the reasons discussed below, the Court will direct plaintiff to show cause as to why this case should not be dismissed for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To avoid dismissal, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must "accept as

true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

**The Complaint**

Plaintiff is a self-represented litigant from Compton, California who has filed a civil complaint in this Court against Lyft, Inc., Marriot International, Hilton Global, and MGM Resorts. (Docket No. 1 at 1-2). The complaint is on a Court-provided form. In the section of the form complaint for asserting jurisdiction, plaintiff has not checked the box for either federal question or diversity of citizenship jurisdiction. (Docket No. 1 at 3). She has indicated, however, that she

believes that the Court has federal question jurisdiction due to "battery," "negligence," and "intentional torts." (Docket No. 1 at 3-7). Plaintiff has also filled out the section for diversity of citizenship, claiming that she is a California citizen, while defendants consist of three Delaware corporations and one Nevada corporation.

The "Statement of Claim" is brief, confusing, and generally fails to mention defendants or to attribute to them any actions. It is best understood if quoted in full:

> January 27 I noticed a few items missing from the car. I thought I had left them somewhere else so I dismissed the incident. January 28 I checked into the Marriot and woke up not feeling well. January 30th I noticed some bruises on my leg[.] Jan. 30 I checked into the Sander Hotel the following morning [and] I woke up shaking. A few days later [on] February 3rd[,] my earrings and dress were missing from the car. I went to get gas and when I was driving I was drowsy about a mile from the gas station [and] I almost passed out. I pulled over. I have had numerous incident[s] when I slept in the car as well.

(Docket No. 1 at 7). Based on these facts, plaintiff is seeking $150,000,000 in damages.

## Discussion

Plaintiff is a self-represented litigant who has filed a civil action against Lyft, Inc., Marriot International, Hilton Global, and MGM Resorts. Because she is proceeding in forma pauperis, the Court has reviewed her complaint pursuant to 28 U.S.C. § 1915. Based on that review, the Court has determined that plaintiff has not carried her burden of properly asserting subject matter jurisdiction. Therefore, for the reasons discussed below, the Court will direct plaintiff to show cause as to why this case should not be dismissed.

### A. Federal Subject Matter Jurisdiction

Subject matter jurisdiction refers to a court's power to decide a certain class of cases. *LeMay v. U.S. Postal Serv.*, 450 F.3d 797, 799 (8th Cir. 2006). "Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution

and the statutes enacted by Congress pursuant thereto." *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). *See also Gunn v. Minton*, 568 U.S. 251, 256 (2013) ("Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute"). The presence of subject matter jurisdiction is a threshold requirement that must be assured in every federal case. *Kronholm v. Fed. Deposit Ins. Corp.*, 915 F.2d 1171, 1174 (8th Cir. 1990). *See also Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987) ("The threshold requirement in every federal case is jurisdiction and we have admonished the district court to be attentive to a satisfaction of jurisdictional requirements in all cases"). "Subject matter jurisdiction can never be waived or forfeited." *Wagstaff & Cartmell, LLP v. Lewis*, 40 F.4th 830, 838 (8th Cir. 2022).

Because jurisdiction is a threshold requirement, the issue of subject matter jurisdiction may be raised at any time, by any party or the court. *Gray v. City of Valley Park, Mo.*, 567 F.3d 976, 982 (8th Cir. 2009). *See also City of Kansas City, Mo. v. Yarco Co., Inc.*, 625 F.3d 1038, 1040 (8th Cir. 2010) ("Federal courts have an independent duty to determine subject matter jurisdiction, even where the matter is raised for the first time on appeal and on the court's own motion"). The burden of proving subject matter jurisdiction belongs to the plaintiff. *V S Ltd. P'ship v. Dep't of Hous. & Urban Dev.*, 235 F.3d 1109, 1112 (8th Cir. 2000). *See also Magee v. United States*, 9 F.4th 675, 680 (8th Cir. 2021) ("The burden of proving the existence of subject matter jurisdiction rests with the party invoking federal jurisdiction").

Federal courts have subject matter jurisdiction over both federal question cases and diversity of citizenship cases. *See Auto-Owners Ins. Co. v. Tribal Court of Spirit Lake Indian Reservation*, 495 F.3d 1017, 1020 (8th Cir. 2007) (finding that subject matter jurisdiction is lacking if neither diversity of citizenship nor federal question jurisdiction applies); and *McLaurin v. Prater*, 30 F.3d 982, 984-85 (8th Cir. 1994) (noting that Congress has directed that district courts shall

have jurisdiction in both federal question and diversity cases). In this case, plaintiff suggests that both types of jurisdiction our present. Upon the Court's review, however, she has not adequately asserted either type.

### B. Federal Question Jurisdiction

Federal question jurisdiction gives district courts "original jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States." *Griffioen v. Cedar Rapids & Iowa City Ry. Co.*, 785 F.3d 1182, 1188 (8th Cir. 2015). *See also* 28 U.S.C. § 1331. Whether a claim arises under federal law is determined by reference to the "well-pleaded complaint." *Great Lakes Gas Transmission Ltd. P'ship v. Essar Steel Minn. LLC*, 843 F.3d 325, 329 (8th Cir. 2016). The well-pleaded complaint rule provides that jurisdiction exists only when a federal question is presented on the face of a plaintiff's properly pleaded complaint. *Markham v. Wertin*, 861 F.3d 748, 754 (8th Cir. 2017). *See also Thomas v. United Steelworkers Local 1938*, 743 F.3d 1134, 1139 (8th Cir. 2014) ("Under the well-pleaded complaint rule, a federal question must exist on the face of the plaintiff's properly pleaded complaint in order to establish federal question subject matter jurisdiction").

Plaintiff's complaint must establish "either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law." *Williams v. Ragnone*, 147 F.3d 700, 702 (8th Cir. 1998). *See also Northwest South Dakota Production Credit Ass'n v. Smith*, 784 F.2d 323, 325 (8th Cir. 1986) (stating that "[a] non-frivolous claim of a right or remedy under a federal statute is sufficient to invoke federal question jurisdiction"). "If the asserted basis of federal jurisdiction is patently meritless, then dismissal for lack of jurisdiction is appropriate." *Biscanin v. Merrill Lynch & Co., Inc.*, 407 F.3d 905, 907 (8th Cir. 2005).

5

In this case, plaintiff has not presented a federal question. There are no federal statutes, federal treaties, or constitutional provisions at issue in this case. She is not suing a federal agency or employee. The defendants plaintiff has identified are not state actors, meaning that this cannot be construed as an action under 42 U.S.C. § 1983. Instead, plaintiff states merely that her claim encompasses battery, negligence, and intentional torts. These are all state law causes of action. None of them, without more, establishes "either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law." Therefore, plaintiff has not carried her burden of showing the existence of federal question jurisdiction.

### C. Diversity of Citizenship Jurisdiction

"Under 28 U.S.C. § 1332(a), district courts have original diversity jurisdiction over civil actions when the matter in controversy exceeds $75,000, without considering interest and costs, and when the citizenship of each plaintiff is different from the citizenship of each defendant." *Ryan ex rel. Ryan v. Schneider Nat. Carriers, Inc.*, 263 F.3d 816, 819 (8th Cir. 2001). Subject matter jurisdiction premised upon diversity of citizenship is measured by "the state of facts that existed at the time of filing." *See Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 571 (2004).

With regard to the amount in controversy, a complaint making a good faith allegation of the jurisdictional amount is sufficient to confer jurisdiction. *Scottsdale Ins. Co. v. Universal Crop Prot. All., LLC*, 620 F.3d 926, 931 (8th Cir. 2010). However, a "complaint will be dismissed if it appears to a legal certainty that the claim is really for less than the jurisdictional amount." *Id*. *See also Kopp v. Kopp*, 280 F.3d 883, 884 (8th Cir. 2002). "The legal certainty standard is met where the legal impossibility of recovery is so certain as virtually to negative the plaintiff's good faith in asserting the claim." *Peterson v. The Travelers Indem. Co.*, 867 F.3d 992, 995 (8th Cir. 2017).

As to diversity of the parties, "[c]omplete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship." *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007). Diversity jurisdiction requires that the parties be citizens of different states, not merely residents. *Sanders*, 823 F.2d at 216. For purposes of diversity, state citizenship "requires an individual's physical presence in the state coupled with an indefinite intention there to remain." *Blakemore v. Missouri Pac. R.R. Co.*, 789 F.2d 616, 618 (8th Cir. 1986). "Once an individual has established his state citizenship, he remains a citizen of that state until he legally acquires a new state of citizenship." *Eckerberg v. Inter-State Studio & Publishing Co.*, 860 F.3d 1079, 1086 (8th Cir. 2017).

Here, plaintiff seeks damages in the amount of $150,000,000, which is well above the threshold amount. Assuming that this is a good faith claim – which, given the allegations, is extremely doubtful – plaintiff has nevertheless failed to allege that diversity exists, because she appears to share citizenship with at least one of the defendants.

All four defendants are corporations. Under 28 U.S.C. § 1332, a corporation is "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal business." 28 U.S.C. § 1332(c)(1). *See also Jet Midwest International Co., Ltd. v. Jet Midwest Group, LLC*, 932 F.3d 1102, 1104 (8th Cir. 2019). According to the Supreme Court, the "principal place of business is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 93 (2010). Normally, this should "be the place where the corporation maintains its headquarters," so long that the headquarters is "the nerve center, and not simply an office where the corporation holds is board meetings." *Id*.

Plaintiff asserts that she is a citizen of California. She also acknowledges that defendant Lyft, Inc.'s principal place of business is in California, and that its headquarters is located in San Francisco. As such, Lyft, Inc. is deemed to be a California citizen, just like plaintiff. Because there is not complete diversity among the parties, jurisdiction has not been established under 28 U.S.C. § 1332. Therefore, plaintiff has not carried her burden of showing the existence of diversity of citizenship jurisdiction.

### D. Order to Show Cause

Subject matter jurisdiction is a threshold inquiry in every federal court, and cannot be waived. *See Nuevos Destinos, LLC v. Peck*, 999 F.3d 641, 646 (8th Cir. 2021). Plaintiff bears the burden of properly asserting the Court's jurisdiction. *See Two Eagle v. United States*, 57 F.4th 616, 620 (8th Cir. 2023) ("The plaintiff bears the burden to establish subject-matter jurisdiction"). If the Court determines – at any time – that it lacks subject matter jurisdiction, it must dismiss the action. *See* Fed. R. Civ. P. 12(h)(3).

As discussed above, plaintiff has failed to establish the existence of either federal question or diversity of citizenship jurisdiction. The case is thus subject to dismissal. Before dismissing, the Court will give plaintiff the opportunity to show cause as to why this action should not be dismissed. Plaintiff will be given **twenty-one (21) days** from the date of this order in which to submit a written response establishing the Court's jurisdiction over this matter. If plaintiff fails to respond within **twenty-one (21) days** from the date of this order, this action will be dismissed without prejudice and without further notice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket No. 2) is **GRANTED**.

8

**IT IS FURTHER ORDERED** that plaintiff shall show cause in writing and within **twenty-one (21) days** of the date of this order as to why this case should not be dismissed for lack of subject matter jurisdiction.

**IT IS FURTHER ORDERED** that if plaintiff fails to show cause in writing and within **twenty-one (21) days** of the date of this order as to why this case should not be dismissed for lack of subject matter jurisdiction, the Court will dismiss this action without prejudice and without further notice.

Dated this 29th day of March, 2023.

*/s/ John M. Bodenhausen*
JOHN M. BODENHAUSEN
UNITED STATES MAGISTRATE JUDGE